**Lonnie Lee BURTON, Petitioner–Appellant,**

v.

**Kay WALTER, Respondent–Appellee.**

No. CA 00–35579.

D.C. No. CV–98–01844–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted May 30, 2001 *.

Decided Oct. 17, 2001.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

### MEMORANDUM **

Washington state prisoner Lonnie Lee Burton appeals pro se the district court's order denying his consolidated 28 U.S.C. § 2254 habeas corpus petitions. He contends that his 1992 guilty plea for rape of a child, child molestation, and sexual molestation should be vacated because the prosecutor breached the plea agreement at resentencing by recommending a higher sentence than promised. He also argues that his 1994 conviction for rape, robbery, and burglary should be reversed because the state court admitted evidence of a prior conviction that was subsequently overturned. Our review of these arguments is limited by the Antiterrorism and Effective Death Penalty Act; we must determine whether the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U .S.C. § 2254(d)(1).

1. *Breach of the Plea Agreement*

Burton contends that he should have been permitted to withdraw his guilty plea because the state prosecutor recommended a higher sentence than promised at resentencing. We agree that prosecutors are generally bound by plea agreements. *See Santobello v. New York,* 404

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). The record here indicates, however, that the prosecutor recommended the agreed upon sentence at the initial sentencing hearing and in a written submission prior to resentencing. Although at resentencing he recommended the original sentence, he did so only after the court indicated that it would impose the that sentence. Moreover, Burton's own motion for resentencing recommended the original sentence. Under these circumstances, we agree with the state court that no breach occurred. Accordingly, we reject Burton's contention that *Santobello* compels us to vacate his guilty plea.

2. *Disclosure of Prior Conviction*

Burton argues the admission of evidence regarding his prior conviction violated due process because the conviction was subsequently reversed. He relies on *Loper v. Beto*, 405 U.S. 473, 480, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), holding that "the use of prior, void convictions for impeachment purposes deprive[s] a criminal defendant of due process of law where their use might well have influenced the outcome of the case." Although Burton's initial conviction was reversed due to prosecutorial error, the record shows that he subsequently pleaded guilty to fourth-degree assault for the same conduct. Thus, there remained a conviction for impeachment purposes. Moreover, we agree with the state court that any error in the admission of the conviction was harmless in light of other corroborating evidence. Finally, to the extent that Burton argues that admission of any prior bad act evidence violates due process, we recently held in *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir.2001), that there is nothing fundamental unfair about admitting evidence of sexual propensity.

AFFIRMED.